David J. McGlothlin, Esq. (OSB: 165634)
david@westcoastlitigation.com
**Hyde & Swigart**
23 Newtown St.
Medford, OR 97501
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorney for Plaintiff
Hartly Buchanan

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[MEDFORD DIVISION]

| | |
|---|---|
| Hartly Buchanan, | Case No. |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR DAMAGES |
| v. | DEMAND FOR JURY TRIAL |
| Comenity Bank, | |
| Defendant. | |

**Introduction**

1.    Hartly Buchanan ("Plaintiff"), brings this Complaint for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Comenity Bank ("Comenity" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted

by her attorneys.

2.    The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the District of Oregon pursuant to 18 U.S.C. § 1391 because the events giving rise to this lawsuit occurred within this judicial district.

## Parties

8. Plaintiff is, and at all times mentioned herein was, a resident of the City of Grants Pass, County of Josephine, State of Oregon.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

11. At all times relevant, Defendant conducted business in the State of Oregon and in the County of Josephine, within this judicial district.

## Factual Allegations

1.    Plaintiff signed up for Defendant's credit card ("Credit Card").

2.    Plaintiff charged items to the Credit Card. Plaintiff carried a balance on the Credit Cards from month-to-month ("Account").

1.    In 2016, Plaintiff began to receive phone calls from Defendant related to her Account from multiple numbers including 6142127567.

2.    Plaintiff made multiple requests for Defendant to stop calling her cell phone thereby revoking consent, including but not limited to requests made on or about the end of June and early July.

3.    Despite Plaintiff's request Defendant continued to call Plaintiff on Plaintiff's cellular telephone number ending in 8108 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) including 2 calls made on October 8th, 2016; 3 calls made on October 10th, 2016; and 3 calls made on October 11th, 2016.

4.    Some of the calls answered by the Plaintiff and placed by Defendant had: (1) pre-recorded voice message; or (2) a standard pause and gap before a live operator was available.  Consequently, many, if not all, of the calls made by Defendant to Plaintiff on her Cellular Phone, were made using an ATDS and/or artificial or prerecorded voice.

5.    Upon information and belief, Plaintiff contends that the ATDS used by the Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

6.    Plaintiff estimates that she has received over fifty (50) calls from the Defendant since she had revoked consent to be called.

7.    The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

8.    The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

9.    Plaintiff did not provide Defendant or its agent(s) prior express consent to receive the calls to her cellular telephone for many if not all of the calls received by her, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

10.    The telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

11.    Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

12.    Plaintiff was personally affected because she was frustrated and distressed that despite her telling Defendants to stop calling her on her cell phone, Defendants continued to harass Plaintiff with calls using an ATDS.

13.    Defendant's calls forced Plaintiff to live without the utility of her cellular phones by forcing Plaintiff to silence their cellular phones and/or block incoming numbers.

### First Cause of Action

### Negligent Violations Of The

### Telephone Consumer Protection Act (TCPA)

### 47 U.S.C. 227

14.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

16.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and

every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

17. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

## Knowing and/or Willful Of The

## Telephone Consumer Protection Act (TCPA)

## 47 U.S.C. 227

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff made several requests for Defendant to stop calling his cell phone.

20. Each call after Plaintiff revoked consent, constitute a knowing and/or willful violation of the TCPA.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

22. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### First Cause of Action for Negligent Violation of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Trial By Jury

24. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: April 19, 2017                 /s/ David J. McGlothlin
                                      _____
                                      David J. McGlothlin, OSB 165634
                                      Attorney for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES  – 7